| **KAIRYS, RUDOVSKY, MESSING, FEINBERG & LIN LLP** | Law Offices |
|---|---|
| | The Cast Iron Building |
| | 718 Arch Street |
| | Suite 501 South |
| | Philadelphia, PA 19106 |

David Rudovsky
Paul Messing
Jonathan H. Feinberg
Susan M. Lin
Grace Harris
Ilene Kalman (1985-1996)
David Kairys
  Of Counsel
Tanya Alexander
  Office Manager

Phone (215) 925-4400
Fax    (215) 925-5365
drudovsky@krlawphila.com

www.krlawphila.com

June 23, 2022

*Via ECF*
Ms. Patricia S. Dodszuweit
Clerk, United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

      RE:   *Xi v. United States of America*, No. 21-2798 (3d Cir.)

Dear Ms. Dodszuweit:

      Plaintiffs write in response to Defendants' letter, ECF No. 41, concerning the Supreme Court's decision in *Egbert v. Boule*, No. 21-147, 2022 WL 2056291 (June 8, 2022). For at least four reasons, *Egbert* has no bearing on Professor Xi's case.

      First, unlike *Egbert*, the defendant in this case is a traditional criminal law enforcement officer with the FBI, not a Border Patrol agent. The *Egbert* analysis largely turned on the unique role of the Border Patrol. *See* Slip Op. 10–12.

      Second, the similarities between this case and *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), are more than "superficial." *See* Letter 1 (quoting Slip Op. 10). Crucially, both cases arise in the criminal law enforcement search-and-seizure context. *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), reaffirmed the importance of *Bivens* in that context, and *Egbert* does not purport to disturb any aspect of *Abbasi*. Furthermore, the specific details of Professor Xi's case closely resemble *Bivens*. For example, both cases involve a home raid unsupported by probable cause, law enforcement officers holding the plaintiff and his family at

gunpoint, a search of the home, and a strip-search of the plaintiff. Pl. Br. 42–43. These closely aligned details far exceed "superficial similarities." Slip Op. 10. Because Professor Xi's case does not present a new *Bivens* context, the special factors analysis undertaken in *Egbert* is not required here.

Third, even if a special factors analysis were necessary, this case does not present the national security concerns that counseled hesitation in *Egbert*. Like *Hernández v. Mesa*, 140 S. Ct. 735 (2020), *Egbert* involved a Border Patrol agent enforcing immigration law in close proximity to the border. Slip Op. 10–11. By contrast, Professor Xi's case involves an FBI agent, nowhere near the border, engaged in a criminal investigation.

Finally, Haugen identifies no alternative remedy comparable to the Border Patrol grievance procedure that foreclosed a *Bivens* remedy in *Egbert*. *See* Letter 2 (citing Slip Op. 12–13).

For these reasons, *Egbert* does not alter the Court's analysis of this case.

Sincerely,

/s/ David Rudovsky
David Rudovsky
Jonathan H. Feinberg
Susan M. Lin
KAIRYS, RUDOVSKY, MESSING,
 FEINBERG & LIN LLP
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
(215) 925-4400

Patrick Toomey
Ashley Gorski
Sarah Taitz
AMERICAN CIVIL LIBERTIES UNION
 FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

2

Jonathan Hafetz
SETON HALL LAW SCHOOL
One Newark Center
Newark, NJ 07102
(917) 355-6896

*Counsel for Appellants*